IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| William Mark Willis, | Case No. 4:25 cv 565 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| U.S. District Court Judge John Coughenour, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff William Mark Willis has filed a *pro se* and *in forma pauperis* civil rights complaint in this case against Judge John Coughenour of the United States District Court for the Western District of Washington. (Doc. No. 1.) Plaintiff contends Judge Coughenour violated his constitutional rights by issuing a "frivolous enjunction" [sic] against the President of the United States, which Plaintiff contends infringed upon his right to vote by prohibiting the President from "doing the job" that Plaintiff elected the President to do. (*Id*. at 4-5, ¶¶ II.D and III.C.) For relief, Plaintiff seeks $1 dollar in damages. (*Id*. at 6, ¶ IV.)

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. Nevertheless, in order to avoid dismissal, even *pro se* complaints must meet basic federal pleading requirements and set forth allegations sufficient to state a plausible claim for relief. *See Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals of *pro se* and *in forma pauperis* complaints).

Further, federal courts are courts of limited jurisdiction and have an independent duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*.

It is well-established that judges are entitled to absolute immunity from civil suits for money damages based on conduct and decisions they make during the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is designed to ensure that the independent and impartial exercise of judgment by judicial officers is not impaired by exposure to potential damages. *Barnes*, 105 F.3d at 1115. Absolute judicial immunity shields judicial officers from damages suits arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1115. There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Plaintiff's action as against Judge Coughenour clearly pertains to conduct occurring during the performance of the Judge's official judicial functions as to which he is absolutely immune from suit. Plaintiff does not allege facts plausibly suggesting that Judge Coughenour took any non-

2

judicial action, or any action taken in the complete absence of all jurisdiction. Plaintiff's displeasure with a ruling of Judge Coughenour, which is the most his complaint suggests, is not sufficient to overcome judicial immunity.

Plaintiff's claims are totally implausible, frivolous, and devoid of legal merit. *See Metzenbaum v. Nugent*, 55 Fed. App'x 729 (6th Cir. 2003) (upholding district court's *sua sponte* dismissal of a complaint under *Apple v. Glenn* because the named defendant, a federal judge, was entitled to absolute judicial immunity); *Forbush v. Zaleski*, 20 Fed. App'x 481 (6th Cir. 2001) (same).

## Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed in accordance with the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
PAMELA A. BARKER
Date: March 27, 2025    U. S. DISTRICT JUDGE